**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**AMANDA FULKS,**

**Plaintiff,**

**v.** **Case No: 5:25-cv-414-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

**ORDER**

Plaintiff appeals the administrative decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is due to be **AFFIRMED.**

## I. Background

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Defendant's brief:

> In March 2018, Plaintiff protectively applied for DIB and SSI alleging disability beginning December 7, 2017 (Tr. 547-88). After denials at the initial and reconsideration levels, Plaintiff requested an administrative hearing (Tr. 103-48, 191-233). Following a hearing, an administrative law judge (ALJ) issued an unfavorable decision in June 2021 (Tr. 68-102, 149-76). In April 2022, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's June 2021 decision, and remanded this matter for further administrative proceedings (Tr. 177-82).
>
> The ALJ held another hearing in March 2023 and issued an unfavorable decision in April 2023 (Tr. 7-67). The Appeals Council denied Plaintiff's request for further administrative review, and Plaintiff sought judicial review (Case No. 5:23-cv-

> 637-PRL) (Tr. 1-6, 1942-45). In accordance with this Court's February 2024 Judgment, the Appeals Council vacated the ALJ's March 2023 decision, and remanded this case for further administrative proceedings (Tr. 1944-52).
>
> After holding another hearing, the ALJ issued an unfavorable decision in April 2025 (Tr. 1879-1941). The ALJ's April 2025 decision became final on June 8, 2025, because Plaintiff did not file written exceptions, and the Appeals Council did not review the decision on its own (Tr. 1880). Therefore, the ALJ's April 2025 decision stands as the Commissioner's final decision subject to judicial review, and this Court has jurisdiction over this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

(Doc. 14 at 1-2).[1]

Plaintiff was 38 years old on the date of the ALJ's decision. Plaintiff has a high school education and no past relevant work experience. (Tr. 623, 1892, 1914). Based on a review of the record, the ALJ found that Plaintiff has the severe impairments of obesity, fibromyalgia, carpal tunnel syndrome, chronic obstructive pulmonary disease, endocarditis and nonischemic cardiomyopathy, status post placement of an implantable cardioverter-defibrillator (ICD), degenerative disc disease of the lumbar and cervical spine, bipolar disorder with depressive disorder, anxiety disorder with panic disorder, and substance use disorder (heroin). (Tr. 1885).

The ALJ found that the Plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary work, with the following limitations:

---

[1] For claims filed on or after March 27, 2017, the Social Security Administration has issued new revised regulations regarding the evaluation of medical evidence, including medical source opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules) ("We are revising our rules to ensure that they reflect modern healthcare delivery and are easier to understand and use. We expect that these changes will help us continue to ensure a high level of accuracy in our determinations and decisions.").

> she can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; she can occasionally stoop, kneel, crouch, and crawl; she can frequently reach and handle; she can occasionally tolerate exposure to temperatures under forty degrees Fahrenheit and over ninety degrees Fahrenheit; she have no exposure to unprotected heights or with dangerous moving machinery; she can never operate a motor vehicle as part of her job duties; she is limited to simple work tasks; she can tolerate occasional interaction with the public.

(Tr. 1888).

Based upon the RFC, and considering the testimony of the vocational expert, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy, such as the positions of circuit board layout taper, lampshade assembler, and table worker. (Tr. 1893). Consequently, the ALJ found that Plaintiff was not disabled. (Tr. 1894).

## II. Standard of Review

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial

evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

## III. Discussion

The issue raised by Plaintiff on appeal is whether the ALJ applied the correct legal standards to various medical opinions from Plaintiff's physical and mental health providers. (Doc. 13 at 5). Plaintiff argues that the ALJ erred in finding unpersuasive the opinions of Seher Shaikh, PA, a physician assistant who provided psychiatric treatment, Dr. Kristal Khan, who performed a psychiatric examination, and Dr. Michael Barnum, Plaintiff's orthopedic surgeon. Plaintiff contends that, in evaluating these opinions, the ALJ failed to satisfy the requirements of the regulations in explaining the supportability and consistency factors. Plaintiff thus contends that the ALJ's decision was not supported by substantial evidence.

a. Seher Shaikh, PA

Plaintiff first argues that the ALJ erred by failing to properly consider opinions offered by physician assistant Seher Shaikh. Plaintiff's argument relates to two opinions in March 2020 and April 2021. (Tr. 1183-85, 1489-90).

Plaintiff argues that both opinions found multiple limitations, including that Plaintiff had a poor ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stress, function independently, and main attention or concentration. The ALJ found, in part, that those opinions were not supported by treatment notes, not consistent with other evidence, and that Plaintiff's activities contradicted the opinions. (Tr. 1890). Plaintiff argues, however, that the ALJ's findings fail to properly consider the supportability factor and mischaracterize evidence for the consistency factor.

Plaintiff argues that the ALJ "largely failed to explain" the supportability factor in that the ALJ only cited one treatment note regarding Plaintiff being stable with medication and in an unremarkable condition. (Doc. 13 at 8). Plaintiff then argues that the ALJ "largely ignored" evidence that supported more severe limitations and cites a litany of examples from the record. (Doc. 13 at 8-10). Plaintiff also contends that the ALJ failed to explain the consistency factor, and erred in finding that "no other source has identified these specific restrictions." (Doc. 13 at 10, Tr. 1890). Plaintiff argues that the ALJ offered nothing more than a conclusory statement that the Plaintiff's activities were inconsistent with the limitations in the opinion.

As a preliminary matter, Plaintiff acknowledges that her claim is subject to an updated regulatory framework for evaluating medical opinions. For claims filed on or after March 27,

2017, the Social Security Administration has issued revised regulations regarding the evaluation of medical evidence, including medical source opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules) ("We are revising our rules to ensure that they reflect modern healthcare delivery and are easier to understand and use. We expect that these changes will help us continue to ensure a high level of accuracy in our determinations and decisions.").

The new regulations impact agency policy in several important respects and contain several significant changes to prior medical evidence rules. *See* 81 Fed. Reg. at 62,560. To begin, the revised regulations redefine how evidence is categorized. Under the revised regulations, there are five categories of evidence: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence, (4) evidence from nonmedical sources; and (5) prior administrative medical findings. See 20 C.F.R. § 416.913(a)(2017).

Second, the definition of "medical opinion" has been considerably revised. For claims filed by adults on or after March 27, 2017, the regulations provide:

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . .
>
> Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co- workers, or work pressures in a work setting;
>
> Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and

> Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 416.913(a)(2) (2017).

Third, for claims filed on or after March 27, 2017, the regulations change how the agency considers medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 416.920c (2017). Notably, the regulations no longer use the term "treating source," but refer to "your medical source(s)." 20 C.F.R. § 416.920c (2017). The Commissioner intentionally chose not to retain the "treating source rule" that previously required deference to treating source opinion evidence. *See* 82 Fed. Reg. at 5883. Rather, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017). The ALJ will, instead, consider all medical opinions through the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. *Id.* § 416.920c(c)(1)-(5).

Here, Defendant contends that the ALJ's opinion was supported by substantial evidence and that the ALJ considered physician assistant Shaikh's opinions in view of the relevant factors, including supportability and consistency. The ALJ found that PA Shaikh's opinion was not persuasive because it was not supported by his own treatment notes or consistent with other evidence. (Tr. 1889-90). Defendant also points out that the ALJ noted that the record only contained relevant treatment notes from the brief period of January 2021 through March 2021.

As Defendant notes, PA Shaikh's January and February 2021 mental status examinations showed that Plaintiff was alert and cooperative with intact cognition, appropriate thought content, and fair insight and judgment. (Tr. 1482, 1484, 1887, 1889-90). Shaikh repeatedly described Plaintiff's capacity for activities of daily living as fair. (Tr. 1480, 1482, 1484, 1889-90). In February 2021, Plaintiff reported more stable moods, not feeling in a state of high stress, and better controlled and more manageable anxiety. (Tr. 1481, 1889-90). Indeed, the ALJ accurately observed that the treatment notes did not support Shaikh's opinion regarding more extreme mental limitations.

Simply put, Plaintiff's arguments are not persuasive. This Court's review is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Plaintiff's argument amounts to little more than an invitation to the Court to improperly reweigh the evidence and credit the evidence favored by Plaintiff. As already explained, the ALJ carefully considered the entire record, including all of Plaintiff's impairments, the medical record as a whole, and medical opinions. Upon review, I submit that substantial evidence supports the ALJ's decision and the RFC determination.

While Plaintiff has identified aspects of the medical record that she believes support her argument that the RFC should have contained more limitations, the ALJ considered the entire medical record in light of the relevant factors, including supportability and consistency. Further, a review of the record reveals that substantial evidence supports the ALJ's conclusions regarding PA Shaikh's opinions. Notably, the ALJ compared Shaikh's opinion to other evidence of record, including Plaintiff's own reported activities. The ALJ also found that PA Shaikh's opinions were not consistent with other evidence, that no other source

identified those specific restrictions, and that Plaintiff's activity level contradicts the degree of limitation opined by Shaikh. Indeed, the ALJ's decision also relied upon other medical evidence (including records from Community Health Centers) demonstrating that Plaintiff's mental status was frequently found to be relatively unremarkable, that she reported that she was stable and doing well, and that her mental health symptoms had improved with treatment. (Tr. 1889, 1891, 2429). The ALJ acknowledged that Plaintiff's reported activities included caring for her child, grocery shopping, driving, going outside, and using Facebook. (Tr. 1891-92).

The record reflects that the ALJ properly considered Shaikh's opinion in light of the relevant factors, including supportability and consistency. Under the revised regulations, the ALJ was not required to give deference to the opinion. *See Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022) ("This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion."). Substantial evidence supports the ALJ's decision to find the opinions unpersuasive and to give greater weight to the other evidence credited by the ALJ.

The regulations explain that the "supportability" factor involves considering whether the medical source presented relevant objective evidence and supporting explanations to support his opinion. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The ALJ expressly found that Shaikh's own treatment notes did not support his opinion, stating "Mr. Shaikh's opinion is not entirely supported by his own treatment notes." (Tr. 1889-90). The ALJ followed this statement by examples from the treatment notes of Plaintiff reporting greater

stability with medication, reporting that she was not in a state of high stress, and that the mental status examination was "largely unremarkable." (Tr. 1890).

As Defendant points out, consistency "relates to the relationship between a medical source's opinion and other evidence within the record." *Frye v. Comm'r of Soc. Sec.*, 6:21-cv-741-DCI, at *2 (M.D. Fla. Apr. 7, 2022). The Eleventh Circuit has explained that ALJ decisions "should be read as a whole and need not repeat a discussion of facts that establish inconsistency, merely to place it near the conclusion that an opinion is inconsistent with the medical evidence." *Adams v. Soc. Sec. Comm'r*, No. 23-11233, 2024 WL 2846726, at *3 (11th Cir. June 5, 2024) (citing *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1275-76 (11th Cir. 2024). In this case, the ALJ's decision includes a sufficient analysis of consistency. The ALJ specifically stated that Shaikh's opinion was not consistent with other evidence and provided examples throughout the opinion to support that conclusion, including the examples mentioned above and Plaintiff's "activity level." (Tr. 1890).

Accordingly, the ALJ did not err in considering the opinion of physician assistant Shaikh.

b. Dr. Kristal Khan

Next, Plaintiff argues that the ALJ erred in considering the opinion of Dr. Kristal Khan, Plaintiff's psychiatrist. Following an examination in November 2024, Dr. Khan opined that Plaintiff had various mental limitations, including that Plaintiff was unable to meet competitive standards in maintaining attention and concentration for two-hour segments, that Plaintiff was unable to sustain an ordinary routine without special supervision, that Plaintiff was not capable of working in coordination with or proximity to others without being unduly distracted, and other limitations. (Tr. 2219-20).

The ALJ expressly found that Dr. Khan's opinion statements were "conclusory and are not explained by examination notes or objective findings. Her opinion is not well supported." (Tr. 1891). The ALJ also found that the extreme limitations found by Dr. Khan were not reflected in other assessments or supported by Plaintiff's "numerous unremarkable examinations," and the limitations were also inconsistent with Plaintiff's generally conservative treatment. Accordingly, the ALJ found Dr. Khan's opinion to be not persuasive. (Tr. 1891).

Plaintiff argues that the ALJ erred in considering the supportability and consistency factors regarding Dr. Khan's opinion. Plaintiff contends that the ALJ "failed to provide any explanation how it was not supported outside this conclusory statement." (Doc. 13 at 15). Plaintiff's argument is unavailing and fails to acknowledge the ALJ's explicit explanation of supportability, including the ALJ's noting that the opinions related to a single examination and that the findings were not supported in the examination notes or by objective findings.

As to consistency, Plaintiff takes issue with the ALJ's analysis and argues that the ALJ cited only generally to normal examinations and noted conservative treatment. First, Plaintiff's argument is not compelling because the record evidence regarding normal examinations and conservative treatment represents substantial evidence on which the ALJ could rely. Moreover, Plaintiff's argument fails to acknowledge that the ALJ's statements regarding Dr. Khan's opinions were made within the context of numerous references to record evidence regarding Plaintiff's generally unremarkable mental condition, such as described above. The undersigned finds that the ALJ did not err in considering Dr. Khan's opinion.

c. Dr. Michael Barnum

Finally, Plaintiff argues that the ALJ erred in considering the opinion of Dr. Michael Barnum, Plaintiff's orthopedic surgeon. Dr. Barnum opinions included that Plaintiff could only sit for one hour total and at a time in the workday, and that Plaintiff could stand/walk for one hour total and at a time in the workday. (Tr. 2110). Dr. Barnum also opined that Plaintiff could occasionally lift or carry up to five pounds and not more, and that Plaintiff could not bend, squat, crawl, or climb and could occasionally reach. (Tr. 2110-11). The ALJ found that the opinions were not persuasive, and that Dr. Barnum did not explain these limitations or reference objective findings. (Tr. 1890).

Plaintiff contends that the ALJ erred when analyzing supportability because the ALJ failed to credit numerous treatment notes reflecting abnormalities. Plaintiff again cites a litany of record evidence that she contends supports more severe limitations. Plaintiff also contends that the ALJ erred in considering consistency because the ALJ merely noted that no other provider found the same limitations and that the limitations were inconsistent with Plaintiff's activities.

Once again, Plaintiff's argument appears to be an invitation to the Court to improperly reweigh evidence and credit the evidence favored by the Plaintiff. The Court's review, however, remains limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. *See McRoberts,* 841 F.2d at 1080.

The ALJ expressly found, "Dr. Barnum has not adequately explained these limitations or referenced objective findings. The opinion is, therefore, not well supported." (Tr. 1890). The ALJ further stated, "[i]t is noted that no other source has identified this extreme degree

of limitation. The opinion is, therefore, not consistent with other evidence." (Tr. 1890). The ALJ then proceeded to explain his findings further, stating that Dr. Barnum's assessments were not supported by explanatory statements, that they were not consistent with other evidence, that no other source identified those specific limitations, that the record contained mostly normal examinations, that Plaintiff's activity level was inconsistent with the opinions, and that Plaintiff's primary care physician's notes indicated that Plaintiff was able to care for young children, walk, and ride a stationary bike. (Tr. 1890).

As Defendant points out, the ALJ reviewed the record as a whole, and specifically cited substantial evidence supporting the RFC. For example, the ALJ cited records reflecting normal examination findings, including a normal range of motion, no tenderness in Plaintiff's back, and no focal neurological deficits. (Tr. 848, 1889). The evidence cited by the ALJ also included a November 2018 examination showing normal musculoskeletal and neurological findings, including normal range of motion, normal strength, and no focal deficits (Tr. 851, 1889-90), and an August 2024 examination with similar normal findings, including normal range of motion and no edema (Tr. 1889-90, 2124). These are examples of the substantial evidence supporting the ALJ's findings, including the finding that Dr. Barnum's opinions were unsupported and inconsistent with other evidence and therefore not persuasive.

The ALJ's decision should be affirmed because substantial evidence supports the ALJ's evaluation of Plaintiff's condition and the determination regarding her alleged impairments. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

## IV. Conclusion

For the reasons stated above, the ALJ'S decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file. For the reasons stated above, the ALJ'S decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Ocala, Florida on September 9, 2026.



PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties